## Commonwealth ex rel. Mangino v. Stafford

C.P. of Lawrence County, no. 70122 of 2001, M.D.

*Matthew T. Mangino,* for plaintiff.
*Larry Puntureri,* for defendant.

MOTTO, *J.,* April 18, 2002—Before the court is a motion for judgment on the pleadings filed by the

Lawrence County district attorney emanating from his underlying complaint in quo warranto. The complaint in quo warranto seeks to remove Herman Francis Stafford from the position to which he was newly elected, Perry Township supervisor as per Article II, Section 7 of the Pennsylvania Constitution.

The undisputed facts are as follows:

(1) On May 8, 1980, defendant Herman Francis Stafford was convicted of statutory rape, a felony of the second degree, which had been alleged as occurring on or about September 22, 1979.

(2) On November 6, 2001, defendant Herman Francis Stafford was elected supervisor of Perry Township.

(3) Defendant Herman Francis Stafford assumed that office the following January.

Article II, Section 7 of the Pennsylvania Constitution is as follows:

"No person hereafter convicted of embezzlement of public monies, bribery, perjury or *other infamous crimes,* shall be eligible to the General Assembly, or capable of holding any office of trust or profit in this Commonwealth." (emphasis added)

It has been stipulated by both parties that the position of Perry Township supervisor is an "office of trust . . . in this Commonwealth" as per Article II, Section 7 of the Pennsylvania Constitution. As statutory rape is not bribery, perjury or embezzlement of public monies, the question that remains is whether statutory rape falls within the category of "other infamous crimes." The foregoing material facts have been admitted in the pleadings, and are determinative of the case, therefore, judgment on the

pleading is appropriate. *Municipality of Mt. Lebanon v. Reliance Insurance Co.,* 778 A.2d 1228 (Pa. Super. 2001).

In order to maintain this action in quo warranto, the Commonwealth must establish three elements, to-wit: "(1) that the person sought to be ousted from office has been convicted of a crime; (2) that the crime committed constitutes an infamous crime; and (3) that the person holds an office of public trust." Pa. Const., Article II, Section 7; *Commonwealth ex rel. Baldwin v. Richard,* 561 Pa. 489, 751 A.2d 647 (2000).

Since there are no cases specifically holding statutory rape to be an "infamous crime," the court must come to a determination through analysis of decisional law that does exist. There exist two county court decisions that address the issue of what constitutes an infamous crime. An Adams County decision noted: "There are two methods of determining whether a crime is infamous at common law." *In re Holly Sanders Millhimes,* 18 D.&C.4th 667, 669 (Adams Cty. 1992). "The first, and the more modern, concerns itself primarily with the punishment which may be imposed and, generally speaking, the line of demarcation occurs when the offense is punishable by incarceration in a state penitentiary." *Id.* "The second, and more ancient approach concentrates upon the nature of character of the underlying conduct and its affect upon the future credibility of the culprit rather than the punishment." *Id.* at 669-70. As to those two methods, the trial court in *Millhimes* stated, "Pennsylvania appears to follow the latter approach." *Id.* at 670. However, another trial court used the former method and held, "all felonies, all first-degree misdemeanors . . . are now

infamous crimes." *Commonwealth ex rel. Baldwin v. Smolkowicz,* 17 D.&C.4th 518, 520 (Berks Cty. 1993).

As both of those cases were decided by courts with jurisdictions equal to this court, even in the absence of other authority, this court would not be obligated to follow either case. However, if we were to follow the rule that it is the gradation of the offense that governs, we would have to hold for the petitioning district attorney, but if were to follow the rule that the influence of the offense upon the person's credibility governs, respondent's conviction would not be per se dispositive.

This court finds that specific and unambiguous direction as to what constitutes an infamous crime has been handed down by the Pennsylvania Supreme Court which has held "that it is the . . . classification referring to infamous crimes as felonies and crimen falsi offenses . . . which has been followed . . . in this Commonwealth." *Commonwealth ex rel. Baldwin v. Richard,* 561 Pa. 489, 499, 751 A.2d 647, 652-53 (2000). The court went on, "we reaffirm that a crime is infamous for purposes of Article II, Section 7, if its underlying facts establish a felony, a crimen falsi offense, or a like offense involving the charge of falsehood that affects the public administration of justice." *Id.*

Since the conviction herein of statutory rape is a felony, by this standard, the respondent has been convicted of an infamous crime. With the foregoing holding of the Pennsylvania Supreme Court laying down a clear rule and with that rule being binding precedent on this court, we are obligated to find that the defendant, Herman Francis Stafford, is precluded from holding the office of Perry Township supervisor.

The defendant has attempted to distinguish the Supreme Court's decision in *Baldwin* on the basis that *Baldwin* addressed a conviction for a misdemeanor offense, finding that the conviction did not render that public official ineligible for office. However, that factual difference does not change the clear and unambiguous holding of the Pennsylvania Supreme Court that conviction of an offense that constitutes a felony is a conviction of an infamous crime. The court is duty bound to apply that precedent.

## ORDER

And now, April 18, 2002, after argument on the motion of the Commonwealth for judgment on the pleadings and after review of the briefs of the parties, it is ordered, adjudged and decreed in accordance with the accompanying opinion of even date herewith, that judgment on the pleadings is entered in favor of the plaintiff, and against the defendant, Herman Francis Stafford, and the said Herman Francis Stafford is hereby ousted from the office of Perry Township supervisor, and is excluded from holding such office, and it is further ordered, adjudged and decreed that the office of Perry Township supervisor to which the defendant was elected is declared vacant. This order is effective immediately. Costs are assessed against the defendant.